|  |  |  |
|---|---|---|
| WILLIAM F. RODWELL and SHARON L. RODWELL, 2819 Hemlock Avenue Baltimore, Maryland 21214, | * * | IN THE CIRCUIT COURT |
| *Plaintiffs*, | * | OF MARYLAND FOR |
| v. | * | BALTIMORE CITY |
|  | * | Case No. |
| PSB LENDING CORP. 2901 N. Dallas Pkwy, Ste. 450 Plano, Texas 75093 | * * |  |
| Serve on:   Andy Cheng, President            PSB Lending Corp.            2901 N. Dallas Pkwy, Ste. 450            Plano, Texas 75093 | * * |  |
| and | * |  |
| WELLS FARGO BANK MINNESOTA, N.A. as Indenture Trustess for the HOME LOAN TRUST 2001-HLV2, SERIES 2001 HLV2 9062 Old Annapolis Road Columbia, Maryland 21045 | * * * |  |
| Serve on:   CSC-Lawyers Incorporating            Service Company            11 East Chase Street            Baltimore, Maryland 21202 | * * * |  |
| and | * |  |
| U.S. BANK NATIONAL ASSOCIATION as trustee for the C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-SL1 60 Livingston Avenue St. Paul, Minnesota 55107-2292 | * * * |  |

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

1

**EXHIBIT A**

     Serve on:    Jan Estep, President         \*
                      U.S. Bank, N.A.
                      425 Walnut Street           \*
                      Cincinnati, Ohio 45202
                                              \*

*Defendants.*
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW PLAINTIFFS, William F. Rodwell and Sharon L. Rodwell who file this action seeking damages for violations of Maryland law governing the making of second mortgage loans and allege as follows for their complaint.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to §§ 6-102 and 6-103 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland. Plaintiffs obtained a second mortgage loan in Maryland and were damaged by the Defendants' violation of Maryland law. Pursuant to the mortgage loan, the Defendants obtained an interest in real property located in Maryland.

2. Venue in this case is founded on § 6-203(b) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

### PARTIES

3. Plaintiffs William F. Rodwell and Sharon L. Rodwell reside at 2819 Hemlock Avenue, Baltimore, Maryland 21212.

4. Defendant PSB Lending Corp is a foreign corporation.

5. Defendant Wells Fargo Bank Minnesota, N.A. is a corporation that at all

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

times relevant hereto maintained its principal place of business in Maryland. Wells Fargo Bank Minnesota, N.A. is the indenture trustee for the Home Loan Trust 2001-HLV2, Series 2001 HLV2.

6. Defendant U.S. Bank, N.A. is a national bank. U.S. Bank, N.A. is the trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-SL1.

### THE STATUTORY FRAMEWORK

7. The Maryland Secondary Mortgage Loan Law (hereinafter "SMLL"), Maryland Commercial Law Code Annotated §§ 12-401 et seq., regulates the issuance of secondary mortgage loans in the State of Maryland.

8. A "Secondary Mortgage Loan" is defined by the SMLL as "a loan or deferred purchase price secured in whole or in part by a mortgage, deed of trust, security agreement, or other lien on real property located in the State, which property: (i) Is subject to the lien of one or more prior encumbrances, except a ground rent or other leasehold interest; and (ii) Has a dwelling on it designed principally as a residence with accommodations for not more than four families." Maryland Commercial Law Code Annotated § 12-401(i).

9. The SMLL limits the amount of closing costs that may be charged on second mortgage loans. For loans closed before October 1, 1998, the statute provided that a lender could collect a loan origination fee not exceeding the greater of $500 or 4 percent of the net proceeds of a commercial loan of $75,000 or less made under this subtitle or not exceeding $250 or 2 percent of the net proceeds of any other loan under

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

this subtitle. "Net proceeds" is defined as the difference between the full amount of the second mortgage loan and the amount of interest taken in advance on the loan plus the amount of the loan origination fee.

10. Effective October 1, 1998, § 12-405 was amended to provide that:

> The aggregate amount of the loan origination fee imposed by a lender under this section when combined with any finder's fee imposed by a mortgage broker under § 12-804 of this article may not exceed the greater of:
>
> (i) $500 or 10 percent of the net proceeds of a commercial loan of $75,000 or less made under this subtitle; or
>
> (ii) $250 or 10 percent of the net proceeds of any other loan made under this subtitle.

11. A lender is also allowed to collect fees paid to a public official or governmental agency for recording or satisfying the instrument securing the loan.

12. A lender may not directly or indirectly, contract for, charge, or receive any interest, discount, fee, fine, commission, brokerage, charge, or other consideration in excess of that permitted by the SMLL. Said another way, a lender may not collect from the borrower any other commission, finder's fee, or point for obtaining, procuring, or placing a loan that is governed by the SMLL.

13. The SMLL requires that lenders shall furnish to an applicant for a secondary mortgage loan a form prepared by the Maryland Commissioner of Financial Regulation.

14. The SMLL also limits the amount a lender may collect from the borrower as a delinquent or late charge to $2 or 5 percent of the amount of any delinquent or late

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

periodic installment.

15. The SMLL also requires that no broker or finder's fee may be paid unless there is a separate and distinct written agreement between the broker and the borrower authorizing the payment.

16. Under the SMLL, a lender may not directly or indirectly contract for, charge, or receive any interest, discount, fee, fine, commission, brokerage, charge, or other consideration in excess of that permitted by the SMLL.

17. The provisions of the SMLL are mandatory and no lender may make or offer any secondary mortgage loan except within the terms and conditions authorized by the SMLL.

18. If a lender violates any provision of the SMLL, the lender may collect only the principal amount of the loan and may not collect any interest, costs, or other charges with respect to the loan.

19. In addition, any lender who knowingly violates any provision of the SMLL shall forfeit to the borrower three times the amount of interest and charges collected in excess of that authorized by the statute.

### THE SECOND MORTGAGE LOAN TRANSACTION

20. Plaintiffs William F. Rodwell and Sharon L. Rodwell obtained a second mortgage loan governed by the SMLL from Eagle Capital Mortgage, LTD on December 15, 1997, secured by a lien on their residence. The principal amount of the loan was $25,075.14. The last scheduled payment under the loan is due on December 19, 2012.

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

21. Eagle Capital Mortgage, LTD received a promissory note from the Plaintiffs and was named the beneficiary of a second mortgage Deed of Trust to secure the loan. The Deed of Trust was recorded with the City of Baltimore Circuit Court Clerk, State of Maryland, in Liber 7189, Page 253.

22. On December 23, 1997, the indebtedness and Deed of Trust were assigned to Defendant PSB Lending Corp. The assignment was recorded in Liber 7784, Page 424.

23. On March 26, 1998, the indebtedness and Deed of Trust were assigned to Defendant Wells Fargo Bank Minnesota, N.A., as indenture trustee for the Home Loan Trust 2001-HLV2, Series 2001 HLV2. The assignment was recorded in Liber 2020, Page 212.

24. On April 15, 2006, the indebtedness and Deed of Trust were assigned to Defendant U.S. Bank National Association, as trustee for the C-BASS Mortgage Loan Asset Backed Certificates, Series 2006-SL1. The assignment was recorded in Liber 9722, Page 185.

25. As the date of this Complaint, no release of the indebtedness and Deed of Trust has been filed.

26. From December 15, 1997, through the present, interest in the amount of $39,064.42 has accrued and been collected on the Plaintiffs' second mortgage loan.

27. The second mortgage loan at issue in this dispute is a high loan-to-value mortgage loan that is subject to the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. §1641(d).

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

28. HOEPA provides that the assignees of the loans are subject to all claims and defenses that can be made against the original lender.

29. In recognition of the fact that most high loan-to-value mortgage loans were immediately resold on the secondary market by the original lender, HOEPA places the assignees of the mortgage loans in the same shoes as the original lender by eliminating any defense which might otherwise be available to the purchasers of these loans. Any person who purchases or is otherwise assigned a mortgage governed by HOEPA is subject to all claims and defenses with respect to that mortgage that the borrower could assert against the originator of the mortgage.

30. By eliminating this potential defense, Congress intentionally exposed the assignees of HOEPA loans to any and all legal claims that borrowers could assert against the originating lenders. Congress intended that the assignee liability feature of HOEPA would provide an incentive for this segment of the consumer lending industry to police itself. Unlike the general Truth in Lending Act assignee provision (which requires that a violation be apparent on the face of the disclosure statement as a prerequisite to assignee liability), the HOEPA assignee liability provision merely requires that the loan documents transferred with assignment of the loan disclose that the loan at issue is a HOEPA loan. If it is apparent from the face of the loan documents that the loan at issue is covered by HOEPA, then the assignee literally buys the liability for any claim that could be asserted against the original lender.

31. Under the HOEPA assignee liability law, PSB Lending Corp., Wells Fargo

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

7

Bank Minnesota, N.A., as indenture trustee for the Home Loan Trust 2001-HLV2, Series 2001 HLV2 and U.S. Bank National Association as trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2006-SL1 do not possess any defense distinct from the defenses that would be available to Eagle Capital Mortgage, LTD unless it can establish that it was not apparent from the face of the loan documents that the loan at issue was covered by HOEPA.

32. The legislative history of HOEPA underscores this fact. The Senate Report of the bill enacting §1641(d) specifically envisioned the kind of assignee liability at work in this case:

> The bill eliminates "holder-in-due-course" protections for assignees of High Cost Mortgages. Assignees of High Cost Mortgages are subject to all claims and defenses, whether under Truth in Lending or other law, that could be raised against the original lender. . . . By imposing assignee liability, the Committee seeks to ensure that the High Cost Mortgage market polices itself. Unscrupulous lenders were limited in the past by their own capital resources. Today, however, with loans sold on a regular basis, one unscrupulous player can create havoc in a community by selling loans as fast as they are originated. Providing assignee liability will halt the flow of capital to such lenders.
>
> This provision mirrors a rule promulgated by the Federal Trade Commission for "consumer installment" loans such as home improvement or auto loans. The F.T.C. rule has not significantly restricted the flow of consumer credit and or interfered with the securitization of auto loans.

S. REP. 103-169, at page 28.

### COUNT I

### VIOLATION OF THE SECONDARY MORTGAGE LOAN LAW, Maryland Commercial Law Code Ann. § 12-413

33. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

through 32 above as though fully set forth herein.

34. At closing, Plaintiffs were charged a loan origination fee of $800.60; a funding fee of $250.00; a tax service fee of $55.00; a document preparation fee of $125.00; a settlement or closing fee of $161.00; a title exam fee of $150.00; a commitment fee of $50.00; a title premium fee of $100.00; and a courier fee of $45.00. The total of these settlement charges equals 1,736.60. These fees were paid from the loan proceeds during the closing.

35. Based upon information and belief, Eagle Capital Mortgage, LTD received additional consideration for the loan in the manner of an undisclosed yield spread premium when the loan was purchased by the Defendants.

36. The Plaintiffs were not provided the mandatory disclosure form prepared by the Maryland Commissioner of Financial Regulation.

37. Eagle Capital Mortgage, LTD sold a second mortgage loan to the Plaintiffs and charged and collected from the Plaintiffs an origination fee in excess of the maximum amount authorized by the SMLL.

38. Eagle Capital Mortgage, LTD sold a second mortgage loan to Plaintiffs and directly or indirectly, contracted for, charged, or received interest, discount, fee, fine, commission, brokerage, charge, or other consideration in excess of that permitted by the SMLL.

39. Eagle Capital Mortgage, LTD collected from the Plaintiffs finder's fees and points for obtaining, procuring, or placing the loans in excess of the consideration

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

permitted by the SMLL.

40. Eagle Capital Mortgage, LTD received interest in excess of that permitted by the SMLL.

41. Defendants PSB Lending Corp. and Wells Fargo Bank Minnesota, N.A., as indenture trustee for the Home Loan Trust 2001-HLV2, Series 2001 HLV2 and U.S. Bank National Association as trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2006-SL1 directly or indirectly, contracted for, charged, or received interest, discount, fee, fine, commission, brokerage, charge, or other consideration in excess of that permitted by the SMLL.

42. Defendants PSB Lending Corp. and Wells Fargo Bank Minnesota, N.A., as indenture trustee for the Home Loan Trust 2001-HLV2, Series 2001 HLV2 and U.S. Bank National Association as trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2006-SL1 had a duty to make sure that the second mortgage loans they purchased complied with the SMLL.

43. Defendants PSB Lending Corp. and Wells Fargo Bank Minnesota, N.A., as indenture trustee for the Home Loan Trust 2001-HLV2, Series 2001 HLV2 and U.S. Bank National Association as trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2006-SL1 breached this duty and routinely purchased Maryland second mortgage loans that violated the SMLL, thus perpetuating the market for such illegal secondary mortgage loans.

44. As purchaser and/or assignee and holder of the note and the second

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

mortgage of the Plaintiffs, Defendants PSB Lending Corp. and Wells Fargo Bank Minnesota, N.A., as indenture trustee for the Home Loan Trust 2001-HLV2, Series 2001 HLV2 and U.S. Bank National Association as trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2006-SL1 are liable to Plaintiffs because they are subject to all claims and defenses which the Plaintiffs could assert against Eagle Capital Mortgage, LTD.

45. Defendants PSB Lending Corp. and Wells Fargo Bank Minnesota, N.A., as indenture trustee for the Home Loan Trust 2001-HLV2, Series 2001 HLV2 and U.S. Bank National Association as trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2006-SL1 are obligated under the SMLL to refund to the Plaintiffs the amount of improper charges made by Eagle Capital Funding, LTD at closing and all interest payments made on the second mortgage loan.

**WHEREFORE,** Plaintiffs are entitled to the statutory remedy provided by the SMLL, attorneys' fees and costs.

### COUNT II

**KNOWING VIOLATION OF THE SECONDARY MORTGAGE LOAN LAW,
Maryland Commercial Law Code Ann. § 12-413**

46. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 45 above as though fully set forth herein.

47. Eagle Capital Mortgage, LTD and Defendants PSB Lending Corp. and Wells Fargo Bank Minnesota, N.A., as indenture trustee for the Home Loan Trust 2001-

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

HLV2, Series 2001 HLV2 and U.S. Bank National Association as trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2006-SL1 knowingly violated the provisions of the Maryland SMLL because they had actual knowledge as of May 2, 2002, of the requirements of the SMLL and that thousands of Maryland second mortgage loans were made in violation of the statute.

48. Notwithstanding this knowledge, Eagle Capital Mortgage, LTD and Defendants PSB Lending Corp. and Wells Fargo Bank Minnesota, N.A., as indenture trustee for the Home Loan Trust 2001-HLV2, Series 2001 HLV2 and U.S. Bank National Association as trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2006-SL1 continued to collect interest on the Plaintiffs' second mortgage loan that they were not legally entitled to collect.

**WHEREFORE**, Plaintiffs are entitled to the statutory remedy provided by the SMLL, attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that This Honorable Court issue an order and judgment against Defendants PSB Lending Corp. and Wells Fargo Bank Minnesota, N.A., as indenture trustee for the Home Loan Trust 2001-HLV2, Series 2001 HLV2 and U.S. Bank National Association as trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2006-SL1, jointly and severally, as follows:

1. For statutory damages under Count I in the amount of $40,801.02, plus attorneys' fees and costs;

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

2. For statutory damages under Count II in the additional amount of $122.403.06, plus attorneys' fees and costs, and;

3. For such other and further relief, as the Court deems just and proper, that the Plaintiffs are entitled to receive.

### JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable

Respectfully Submitted,

*/s/ E. David Hoskins*

E. David Hoskins
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Suite 362
Baltimore, Maryland 21210
(410) 662-6500

*OF COUNSEL*

A. Hoyt Rowell III
Daniel O Myers
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC
1037 Chuck Dawley Blvd., Building A
Mt. Pleasant, South Carolina 29464