# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM RODWELL, et al., | * | |
| v. | * | Civil No. – JFM-09-2202 |
| PSB LENDING CORP., INC., et al. | * | |
| JAMES E. MITCHELL, SR., et al. | * | |
| v. | * | Civil No. – JFM-09-2287 |
| PSB LENDING CORP., et al. | * | |

******

## MEMORANDUM

Plaintiffs in these actions assert claims under Maryland's Secondary Mortgage Loan Law, Md. Code Ann., Com. Law §§ 12-401 to 12-415. Plaintiffs have not brought suit against the originating lenders ("Loan Originators"). Rather, they have sued the financial institutions to which the originating lenders assigned the loans ("the Assignee Defendants") and the companies that serviced the mortgages ("the Servicer Defendants").[1] In an October 29, 2010, Opinion, I stated my intention to dismiss the claims against all Defendants on the ground that they were not subject to liability under the SMLL. Plaintiffs now seek leave to amend their complaints in order to plead facts showing that the Servicer Defendants may be liable under the SMLL.[2] The issues have been fully briefed and no hearing is necessary. *See* Local Rule 105.6. Plaintiffs' Motions will be denied.

---

[1] In *Rodwell*, the Assignee Defendants are PSB Lending Corporation, Wells Fargo Bank, N.A., and U.S. Bank National Association; Litton Loan Servicing, L.P., is the Servicer Defendant. In *Mitchell*, the Assignee Defendants are PSB Lending Corp., PSB Lending Home Loan Owner Trust 1997-4, and Wachovia Bank, and the Servicer Defendant is Bayview Loan Servicing, LLC.

[2] Marie Felder ("Felder") is the only Named Plaintiff in *Mitchell* to assert a claim against Bayview Loan Servicing, LLC.

1

I.

The claims asserted by William and Sharon Rodwell ("Rodwell") and Marie Felder ("Felder") arise from secondary mortgage loans they obtained from the Loan Originators in 1997. Plaintiffs contend the Loan Originators committed violations of the SMLL in the making of their loans, including charging Plaintiffs excessive costs and fees and failing to provide a mandatory disclosure form. (Rodwell Second Am. Compl. ¶¶ 21, 48–55; Mitchell Fourth Am. Compl. ¶¶ 34–38, 49–51.[3]) After origination, the loans were assigned to other financial institutions. Lipton Loan Servicing, L.P., ("Lipton") began to service Rodwell's loan. (Rodwell Second Am. Compl. ¶ 26.) Bayview Loan Servicing, LLC, ("Bayview") began to service Felder's loan. (*See* Mitchell Fourth Am. Compl. ¶ 8.)

In my October 29 Opinion, I held that defendants who were not "lenders" as defined by the SMLL, § 12-401(b), could not face direct liability under the SMLL. In addition, I rejected Plaintiffs' theory of assignee liability under the SMLL. Based on my understanding that none of the defendants in these actions constituted "lenders," I expressed my intention to dismiss the SMLL claims against the defendants. Plaintiffs now seek to amend their complaints, however, to allege that the Servicer Defendants became licensed under the Maryland Mortgage Loan Law ("MMLL"), Md. Code Ann., Fin. Inst. § 11-501 *et seq.*, while servicing Rodwell and Felder's loans as a result of an amendment to the MMLL. The SMLL defines "lender" to include any person licensed under the MMLL. *See* § 12-401(b)–(c). Thus, Plaintiffs claim this amendment demonstrates that the Servicer Defendants may face liability under the SMLL, curing the defect upon which the prior complaints were to be dismissed.

II.

---

[3] Where I have cited to Rodwell's Second Amended Complaint or Mitchell's Fourth Amended Complaint, these allegations are unaltered by the proposed amendments to the Plaintiffs' pleadings.

Fed. R. Civ. P. 15(a) permits a party to amend its pleadings once as a matter of course. After this, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule specifies, however, that a court "should freely give leave when justice so requires." *Id.* The Fourth Circuit has interpreted this rule to permit denial of leave to amend only where the amendment "would be prejudicial to the opposing party," the moving party has acted in "bad faith," or amendment of the pleading would be "futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks and citation omitted). In the instant actions, the Plaintiffs' amendments would be futile.[4]

"Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Where the merits of the amendment give rise to complex legal arguments or "require a complex factual inquiry," the amendment is "not obviously frivolous." *See id.* at 511. The Servicer Defendants argue that the amendment here will be futile because, on their faces, the proposed amended complaints fail to allege that these defendants violated the SMLL.[5] I agree.

---

[4] Because I find amendment would be futile, I need not determine whether amendment of the pleadings would be prejudicial or if Plaintiffs have acted in bad faith.

[5] The Servicer Defendants also argue that, despite being licensed under the MMLL, they were not lenders under the SMLL, so they cannot face SMLL liability. I need not decide this issue because I conclude on other grounds that amendment of the pleadings would be futile. It appears likely, however, that the Servicer Defendants would be considered lenders under the SMLL. The Servicer Defendants' argument to the contrary rests upon a longstanding canon of statutory interpretation which states that where one statute specifically references the provisions of another statute, it incorporates that statute as it exists at the time of the referencing statutes enactment and excludes subsequent amendments, absent an expression of contrary legislative intent. However, Maryland has, by statute, reversed the presumption created by this canon of construction. Article I, section 21, of the Maryland Code provides, "Whenever a provision of the public general or public local laws of this State refers to any portion of this Code, or to any other law, the reference applies to any subsequent amendment to that portion of the Code or other law, unless the referring provision expressly provides otherwise." Md. Code Ann., art. 1, § 21(a); *see also Hanrahan v. Alterman*, 41 Md. App. 71, 396 A.2d 272, 279 & n.22 (Ct. Spec. App. 1979). Thus, the 2005 amendment to the MMLL requiring servicers to obtain licenses appears to have altered the SMLL's definition of "lender."

In their complaints, Plaintiffs allege only that the Loan Originators violated the SMLL by charging excessive costs and failing to provide the required disclosures. They do not claim that the Servicer Defendants participated in these violations. Plaintiffs claim, however, that the Servicer Defendants may nonetheless be liable for violating section 12-413, the SMLL's civil enforcement provision. Section 12-413 provides, in relevant part, "Except for a bona fide error of computation, if a lender violates any provision of this subtitle he may collect only the principal amount of the loan and may not collect any interest, costs, or other charges with respect to the loan." Md. Code Ann., Com. Law § 12-413. Because the Loan Originators violated the SMLL, Plaintiffs assert the Servicer Defendants were entitled to collect only the loan's principal. By collecting interest, the Servicer Defendants themselves violated the SMLL.

This interpretation contradicts the plain meaning of the statute's language, however. *See Kushnell v. Dep't of Natural Res.*, 385 Md. 563, 870 A.2d 186, 193 (2005) ("If statutory language is unambiguous when construed according to its ordinary and everyday meaning, then we give effect to the statute as it is written."). Section 12-413 prevents only the lender who "violates any provision of [the SMLL]" from collecting more than the principal of the loan. *See* § 12-413 ("[I]f a lender violates any provision of this subtitle *he* may collect only the principal . . . ." (emphasis added)). A lender who has not yet violated the SMLL is not restricted to the collection of the principal, so it would not commit a new violation by collecting interest.

My interpretation does not change in light of section 12-411, which bars a lender from "directly or indirectly . . . receiv[ing] any . . . consideration in excess of that permitted by [the SMLL]." Md. Code Ann., Com. Law § 12-411. As explained above, the SMLL only prohibits a lender *who has already violated the SMLL* from receiving charges beyond the principal of the loan. Interest or other costs in addition to principal does not constitute impermissible

4

consideration when received by a lender who has not otherwise violated the SMLL, so receipt of these charges does not violate section 12-411. This is true even if another lender would not be permitted to receive the same consideration.

Plaintiffs object that this vitiates the effect of the SMLL because an originating lender who violates the SMLL may simply assign a loan to another party in order to avoid the effect of the civil enforcement provision. The originating lender, however, remains subject to the provision, so the borrower may bring suit to recover any charges, other than principal, that the lender collected directly from the borrower or received indirectly in the assignment of the loan. This interpretation is in accord with the purpose of the SMLL, which is "to prohibit the lender from profiting from his violation of the law, not to make the borrower whole." *Thoreson v. Shaffer*, 111 Md. App. 689, 683 A.2d 1153, 1157 (Ct. Spec. App. 1996). To the extent a violating originating lender opts to assign a loan without collecting impermissible consideration so as to avoid SMLL liability, this purpose will be fulfilled.

It is apparent that Plaintiffs' proposed amended complaints are insufficient to state a claim under the SMLL as to the Servicer Defendants. Amendment of the pleadings will be futile. Accordingly, Plaintiffs' motions will be denied.[6]

February 8, 2011 /s/
Date J. Frederick Motz
United States District Judge

---

[6] Because I find that leave to amend will be futile, I need not considered Bayview's arguments that Felder, as a result of her bankruptcy, lacks standing to pursue, should be judicially estopped from pursuing, or is barred by res judicata from pursuing her claims.